UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

SANJIL RAI,[1]                                    CIVIL NO. 18-2848 (MJD/DTS)

     Petitioner,

                            ORDER and
v.                                                 REPORT AND RECOMMENDATION

SECRETARY OF HOMELAND
SECURITY; JEFFERSON SESSIONS,
Attorney General; SCOTT BANIECKE,
ICE Field Office Director; KURT FREITAG,
Freeborn County Sheriff; and
DAN HARTOG, Kandiyohi County Sheriff,

     Respondents.

On October 4, 2018 Petitioner filed a Petition for a Writ of Habeas Corpus challenging his continued detention pending deportation. Docket No. 1. On November 2, 2018 the Government filed a response [Docket No. 7] stating that Petitioner had been released from custody on October 19, 2018 under an Order of Supervision. *See* Fuller Decl. ¶ 3 and Ex. 1, Docket Nos. 8, 8-1

Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies. *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000). "When, during the course of litigation, the issues presented in a case lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief, the case is considered moot." *Id.* (omission in original) (internal quotation marks omitted). Mootness deprives the Court

---

[1] The Order below directs the Clerk to correct Petitioner's name in the case caption. The correct name is Sanjil Rai (not Rai Sanjil). Although the habeas petition says otherwise [Docket No. 1], Sanjil Rai is the name on the Release Notification and the Order of Supervision. *See* Docket No. 8-1; *see also* Gov't Response 1 n.1, Docket No. 7.

of the power to act; there is nothing for the Court to remedy.  *Spencer v. Kemna*, 523 U.S. 1, 18 (1998).

Petitioner has been released from custody, and his habeas petition is thus moot. *See Mhanna v. U.S. Dep't of Homeland Sec. Citizenship & Immigration Servs.,* No. 10-cv-292, 2010 WL 5141803, at *12 (D. Minn. Dec. 13, 2010) ("To the extent that the Court could construe [petitioner's] request for relief as a reviewable habeas claim relating to his ICE detention, however, ICE's removal of [petitioner] from the United States renders any such claim moot.") (citing cases).  Mootness deprives the Court of jurisdiction in this action.

<u>ORDER</u>

For the reasons stated in footnote 1 above, the Clerk is directed to correct Petitioner's name in the case caption.

<u>RECOMMENDATION</u>

For the reasons set forth above, IT IS RECOMMENDED THAT:

1. The Petition for a Writ of Habeas Corpus [Docket No. 1] be DENIED AS MOOT.

2. This action be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

Dated:  November 6, 2018

*s/David T. Schultz*
DAVID T. SCHULTZ
United States Magistrate Judge

**<u>NOTICE</u>**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).